IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROBERT LEE WADE,**

    Petitioner,

vs.                                                     Case No. 4:05cv501-SPM/WCS

**WARDEN DAVID M. HARRIS,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS § 2254 PETITION**

Petitioner is in custody pursuant to a 1977 state court judgment for second degree murder. He filed a 28 U.S.C. § 2254 petition challenging that judgment on December 21, 2005. Doc. 1. He was directed to show cause why the petition should not be dismissed as untimely. Doc. 3 (repeated in relevant part here, otherwise incorporated by reference). Petitioner filed a response. Doc. 8. Respondent was served with copies of the § 2254 petition and Petitioner's response to order, and directed to file a response. Doc. 9 (serving docs. 1 and 8).

Respondent filed a motion to dismiss, doc. 12, and Petitioner filed a reply.  Doc. 16.  Hereafter, references to exhibits are to those supplied with the motion to dismiss unless otherwise noted.  Doc. 12.[1]

**One Year Period**

Effective April 24, 1996, there is one year limitations period for filing a § 2254 petition, which runs from the latest of the dates set forth in 28 U.S.C. § 2244(d)(1).  The one year period is tolled for the time during which a "properly filed" application for relief is pending in state court.  § 2244(d)(2)(e).

**Relevant History**

Petitioner challenges the judgment imposed by the Second Circuit, Taylor County, on April 26, 1977.  Doc. 1, p. 1.  Petitioner was charged with first degree murder by shooting Benjamin Neeley with a gun in violation of FLA. STAT. § 782.04.  Ex. C (indictment) (doc. 12-3, p. 8).  He entered a nolo contendere plea to second degree murder and the court ordered a presentence report on November 1, 1976.  Ex. C (docket and minutes) (doc. 12-2, pp. 17-8; doc. 12-3, p. 14).  A review of the criminal docket reveals that the parties conducted discovery before the plea was entered.  Ex. C (doc. 12-2, pp. 17-18).

The docket also reflects that a hearing was held on the presentence report on April 26, 1977.  *Id.*  On that date Petitioner was sentenced to imprisonment for his

---

[1] The exhibits were filed electronically as docs. 12-2 (containing Exs. A, B, and part of C); 12-3 (containing the rest of Ex. C and part of Ex. D); 12-4 (containing part of Ex. D); and 12-5 (containing the rest of Ex. D, and Exs. E-I).  To avoid the confusion of referencing multiple documents for a single exhibit, and since the electronic docket is not available to Petitioner, most references are only to the letter assigned to the exhibit rather than the electronic docket.  References are made to the electronic docket for long composite exhibits for the convenience of the district judge.

natural life.  *Id.*; Exs. A and B.  There is no statutory citation on the judgment.  Given the age of the case, the record does not contain the plea colloquy or written plea agreement, and thus the factual basis for the plea is not available.  Doc. 12, pp. 17-19.  Petitioner did not appeal, though the docket reflects he filed a motion for modification of sentence which was denied in 1992.  *See also* doc. 1, p. 3.[2]  As his conviction was final long before April 24, 1996 (the effective date of the one year limitations period), the one year for filing a § 2254 petition began to run on that date.  Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

Petitioner filed a motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800 on April 4, 2005 (the date of Petitioner's signature).  Ex. C.  The motion was denied, denial of relief was affirmed, and the mandate issued on December 2, 2005.  Exs. D-I.  The § 2254 petition was filed in this court on December 21, 2005.  Doc. 1.

**Legal Analysis**

As previously noted and evident from the above discussion, if no later commencement date applies and there was no other tolling activity, Petitioner's time expired on April 24, 1997.  Doc. 3, p. 2; doc. 9, p. 2 (reiterating from the prior order).

---

[2] Petitioner does not give the date of filing, but indicates the motion was denied on September 28, 1992.  Doc. 1, p. 3.  The handwritten notations on the docket reflect that the motion was filed on July 17, *1982*, a letter from Petitioner was filed on September 21, 1992, and the motion was denied on September 28, 1992.  Ex. C (doc. 12-2, p. 18).  It seems more likely the 1982 date was a scrivener's error than that the motion was pending for over ten years.  It would make sense, if Petitioner raised a claim like that raised here, that he filed a motion on July 17, 1992, shortly after the Florida Supreme Court's opinion in State v. Rodriguez, 602 So.2d 1270 (Fla. July 2, 1992) (discussed ahead).  Alternatively, Petitioner may have filed after his return to custody in 1992.  The website of the Florida Department of Corrections reflects that Petitioner was released in 1985, returned to custody and again released in 1988, and then returned to custody on April 15, 1992.

Petitioner does not claim a later date or entitlement to tolling, but asserts "actual innocence" based on the alleged lack of proof of the essential elements of the offense of conviction and lack of jurisdiction by the state court. Doc. 8, p. 2. He claims that he was charged and convicted of killing the victim though he did not possess or use a firearm, and that it was stipulated at the time of his plea that the shooting was done by a co-defendant. *Id.* Petitioner claims the court lacked jurisdiction to sentence him for a life felony absent sufficient proof of the elements. *Id.* He claims that due process was disregarded when he was sentenced to life in prison for an offense punishable by no more than 30 years. *Id.*, p. 2.

As set forth in the § 2254 petition, Petitioner claims his nolo contendere plea to second degree murder, a first degree felony, did not allow reclassification of the offense to a life felony based on use of a firearm. Doc. 1, p. 4. Petitioner claims his co-defendant had the firearm and shot the victim, and therefore he (Petitioner) must be actually innocent of a life sentence. *Id.* Petitioner states that he raised this in his Rule 3.800 motion. *Id.*, pp. 2-3.

Respondent argues that actual innocence does not, as a matter of law, excuse Petitioner's untimeliness. Doc. 12, pp. 5-13, 16-17. This argument is probably well taken.[3] But the Eleventh Circuit has not yet decided whether the Suspension Clause

---

[3] *See* Escamilla v. Jungwirth, 426 F.3d 868, 871-872 (7th Cir. 2005) ("'actual innocence' is unrelated to the statutory timeliness rules," finding that "[p]risoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action.") (citations omitted). It would be helpful to know whether or not actual innocence could ever excuse untimeliness. The statute expressly allows later filing dates for petitions raising rights newly recognized by the Supreme Court, or relying on facts that could not previously have been discovered, and these categories would seem to cover possible claims of "actual innocence" without requiring such a vague exception to the time limit. § 2244(d)(1)(C) and (D). Until the

requires an exception to the time limit for an untimely first § 2254 petition claiming actual innocence. The court instead has first addressed whether actual innocence has been shown: "[W]here the § 2244(d)(1) limitation period has expired and the petitioner is claiming actual innocence, we must first consider whether the petitioner can show actual innocence before we address whether an exception to the limitation period is required by the Suspension Clause of the United States Constitution." Arthur v. Allen, 452 F.3d 1234, 1244 (11th Cir. 2006),[4] *citing* Wyzykowski v. Dept. of Corrections, 226 F.3d 1213 (11th Cir. 2000) (other citations omitted). *See also* United States v. Montano, 381 F.3d 1276, 1280 (11th Cir. 2005) (the court must first examine merits to determine whether untimely § 2255 movant was actually innocent). Respondent further argues that Petitioner fails to show actual innocence. *Id.*, pp. 13-16.

Respondent also makes the argument that, as the record does not contain the plea colloquy or written plea agreement, it is impossible to ascertain the factual basis for the plea or even determine whether it was enhanced from a first degree to a life felony. Doc. 12, pp. 17-19. Petitioner could have been sentenced to life imprisonment for second degree murder even without enhancement, and "[f]or this reason alone, Petitioner is entitled to no habeas relief." *Id.*, pp. 17-18. Further, it is argued, Petitioner's claim raises only a matter of state law not cognizable under § 2254. *Id.*, pp. 18-19.

---

issue is decided in this circuit, however, this court must continue to determine whether a showing of actual innocence has been made.

[4] The opinion was modified, but not in relevant part, on rehearing. Arthur v. Allen, 459 F.3d 1310 (11th Cir. 2006) (replacing the discussion regarding entitlement to a hearing and discovery).

A discussion of state law is necessary to an understanding of Petitioner's claim. In 1992, the Florida Supreme Court held that FLA. STAT. § 775.087(1), allowing reclassification of a first degree felony to a life sentence for the defendant's use of a firearm, may not be applied based on a theory of vicarious possession of a weapon or aiding and abetting. State v. Rodriguez, 602 So.2d 1270, 1272 (Fla. 1992). As the evidence in that case established that Rodriguez did not have personal possession of the rifle during the attempted murder, the offense was improperly enhanced to a life felony. *See also* Earnest v. State, 351 So.2d 957, 959 (Fla.1977) ("We agree that the term 'possession' does not clearly encompass vicarious possession" for section 775.087(2) purposes" in imposing mandatory minimum terms); State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984) (the finding, that accused used or possessed a firearm for purposes of applying sentencing enhancement under § 775.087, must be made by a jury). Blanc v. State, 899 So. 2d 455, 456-457 (Fla. 4th DCA 2005) (discussing Overfelt, Rodriguez, and other cases, concluding that enhancement under § 775.087(1) based on possession of firearms by codefendants was unauthorized and "patently illegal.").

The case of Bryant v. State, 944 So.2d 1016 (Fla. 3d DCA 2006), on appeal from denial of a Rule 3.800 motion to correct illegal sentence, is instructive here. The defendant was charged with first degree murder, entered a plea to second degree murder in 1979, and was sentenced to life on this count. *Id.*, at 1018. By Rule 3.800 motion he claimed this count was improperly enhanced from a first degree felony punishable by life to a life felony. *Id.* The judgment did not indicate whether it was the former or the latter, but the court said "it makes no difference:" a life sentence is a legal

sentence for the offense of second degree murder. *Id.*, at 1018 and n. 3. On rehearing, the defendant sought a determination of whether his 1979 conviction was a first degree felony punishable by life or whether it had been reclassified to a life felony based on use of a firearm, arguing that this affected his parole eligibility. *Id.* The court therefore remanded for the trial court to review the record and make that determination. *Id.*, at 1018-19.

Even as a matter of Florida law, therefore, Petitioner's life sentence was legal whether or not his offense was reclassified to a life felony. If it "makes no difference" whether it is a legal sentence for the offense of second degree murder in Florida, it is hard to conceive of how improper reclassification to a life felony (even if demonstrated) could constitute "actual innocence" of a life sentence.

Further, Petitioner relies on no new evidence, but on the record as he claims it existed at the time judgment was entered. Respondent asserts that new evidence is

required to show actual innocence.[5] Doc. 12, pp. 13-16. Petitioner, apparently conceding that he has no new evidence, replies that it is not.[6] Doc. 13, pp. 2-3.

Assuming new evidence it is not required to show actual innocence,[7] Petitioner relies on a record which is no longer available due to the passage of time. Petitioner gives no reason at all for his delay. Even before the enactment of a one year limitations period, a petition was subject to dismissal where the state "has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is

---

[5] *See* Arthur, 452 F.3d at 1245 (petitioner must support an actual innocence claim "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial,") *quoting* Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 865 130 L.Ed.2d 808 (1995). *See also* House v. Bell, __ U.S. __, 126 S.Ct. 2064, 2077-78 (June 12, 2006) (to be credible, a claim of actual innocence involves new evidence; the inquiry therefore requires the court to access how reasonable jurors would react to the newly supplemented record) (discussing Schlup); Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001), *cert. denied*, 535 U.S. 926 (2002) (the exception is for actual rather than legal innocence, it must be based on reliable evidence not presented at trial, and – because of the rarity of such evidence – actual innocence claims are virtually always rejected) (citations omitted); Sweger v. Chesney, 294 F.3d 506, 523 and n. 18 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003) (new evidence is almost always required to show actual innocence), *citing* Cristin, 281 F.3d at 420-21 (same) (other citations omitted).

[6] New evidence is not required to show actual innocence to excuse a procedural default where the charged conduct might not be criminal in light of subsequent law. *See* Bousley v. United States, 523 U.S. 614, 616, 118 S.Ct. 1604, 1608, 140 L.Ed.2d 828 (1998) (no new evidence; claim that guilty plea was not knowing and voluntary was based on a subsequent case interpreting the statute); Montano, 381 F.3d 1276, 1280 (11th Cir. 2005) (reviewing defendant's conduct in light of subsequent cases). But see Sweger, 294 F.3d at 523 and n. 18 (rejecting claim that petitioner could rest on the trial record; as petitioner did not rely on a new interpretation of the statute of conviction, he must show some new evidence) (citing Cristin, other citation omitted).

[7] Ironically, if Petitioner had new evidence, he would not necessarily have to rely on "actual innocence" for the timeliness of his petition. *See* § 2244(d)(1)(D) (the one year period can commence from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").

Case No. 4:05cv501-SPM/WCS

based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." § 2254 Rule 9(a) (deleted from Rule 9 in 2004).[8]

In summary, it is not clear that actual innocence excuses the time bar. If it did, it is not clear that Petitioner could be "actually innocent" of his non-capital sentence.[9] But even if these two hurdles were successfully surmounted, Petitioner has not shown actual innocence which would excuse the filing of his untimely petition.

Further, Petitioner has not presented a federal constitutional claim. The claim involves the proper interpretation of a state sentencing statute, a matter of state law. *See* Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) (involving challenge to state court's application of sentencing guidelines, [i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures."); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000), *cert. denied,* 531 U.S. 1170 (2001) (§ 2254 "was not enacted to enforce State-created rights," so "whether or not petitioner waived his right to a twelve-person jury is a matter of Florida law, not federal

---

[8] Rule 9(a) was "deleted as unnecessary in light of the applicable one-year statute of limitations for § 2254 petitions, added as part of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)." § 2254 Rule 9, Advisory Committee Notes to 2004 Amendments.

[9] Moreover, it is not clear that actual innocence of any sentence other than death would excuse a procedural default. *See* Cristin v. Brennan, 281 F.3d 404, 421-422 and n. 17 (3d Cir.), *cert. denied*, 537 U.S. 897 (2002) (collecting cases) (noting the circuits have split on whether the actual innocence exception applies to non-capital sentencings). The court in Cristin did not have to decide, noting that in both capital and non-capital cases the actual innocence exception "remains firmly rooted in the testing of allegedly erroneous factual determinations," whether supporting guilt or a sentence. *Id.*, at 422 (citations omitted).

constitutional law.") (*citing* Branan).  As stated in Branan, "[t]his limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'"  *Id.*

Thus, Petitioner's claim of an improper or unsupported sentence presents a state law issue which is not cognizable here.  Further, Petitioner's claims of actual innocence are unavailing even if they made any difference to the timeliness analysis.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 12) be **GRANTED**, and Petitioner's § 2254 petition challenging his 1977 sentence for second degree murder be **DISMISSED** both as untimely and for failing to state a cognizable claim.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2007.


    s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**